**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4646**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY SHAMON WASHINGTON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. Norman K. Moon, District Judge. (3:04-cr-00093-nkm-ALL)

Submitted: April 30, 2007          Decided: May 24, 2007

Before WILLIAMS, MICHAEL, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles M. Henter, DAVIDSON & KITZMANN, PLC, Charlottesville, Virginia, for Appellant. John L. Brownlee, United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Shamon Washington pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000), and possession of cocaine base ("crack"), in violation of 21 U.S.C. § 844 (2000). The district court sentenced him to seventy months in prison on the firearm count and a concurrent thirty-six months' imprisonment on the drug count. Washington appeals, challenging the district court's denial of his motion to withdraw his guilty plea. Finding no merit to his claim, we affirm.

We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). A defendant does not have an absolute right to withdraw a guilty plea, even before sentencing. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Rather, he must demonstrate that a "fair and just reason" supports his request to withdraw his plea. Id. In deciding whether to permit a defendant to withdraw his guilty plea, the district court considers:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or otherwise involuntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

Id.

Washington received an adequate Rule 11 hearing, creating a strong presumption that his guilty plea was final and binding. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). Washington argues, however, that the district court erred in denying his motion to withdraw his guilty plea because his attorney and the government erroneously led him to believe that his sentencing guideline range would be lower than the guideline range ultimately calculated in the presentence report ("PSR"). He further argues that the district court relied on the wrong standard because he claims that the district court denied his motion based on its finding that he failed to credibly assert his legal innocence.

Despite the erroneous advice of counsel concerning Washington's guideline range, at the plea hearing Washington was informed of the maximum sentence he faced for each count, that the court could not calculate his sentence until the probation officer prepared the PSR, and that he could not withdraw his guilty plea if his sentence was harsher than he expected. Washington acknowledged that he understood and, with this knowledge, he pled guilty. We find that Washington did not meet the heavy burden of showing that counsel's erroneous advice, given before the Rule 11 hearing, established a fair and just reason for withdrawing his guilty plea. United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992). Furthermore, Washington's claim that the district court relied on the wrong legal standard is not supported by the record. We therefore conclude that the district court did not abuse its

discretion in denying Washington's motion to withdraw his guilty plea.

Accordingly, we affirm Washington's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>